FEDERICO STALLFORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47200, 50287. Promulgated April 27, 1934.

*Charlton Ogburn, Esq.,* and *G. Kibby Munson, Esq.,* for the petitioner.

*Mason B. Leming, Esq.,* for the respondent.

548

**OPINION.**

SMITH: The deficiencies involved herein arose principally from the disallowance of deductions from gross income of claimed losses

sustained by the petitioner upon his investments. At the hearing of this proceeding counsel for the petitioner stated that it was impossible or impracticable to attempt to prove the claimed deductions for losses. The sole defense of the petitioner to the deficiencies determined by the respondent is that during the taxable years in question the petitioner was a nonresident alien (while absent from the United States) and derived his income from sources without the United States. In support of this contention the petitioner relies upon section 213 of the Revenue Act of 1926, which, so far as material, provides:

SEC. 213. For the purposes of this title, except as otherwise provided in section 233—

*      *      *      *      .      *      *      *

(c) In the case of a nonresident alien individual, gross income means only the gross income from sources within the United States, determined under the provisions of section 217.

Section 217 of the Revenue Act of 1926, so far as material, provides:

(c) The following items of gross income shall be treated as income from sources without the United States:

*      *      *      *      *      *      *

(3) Compensation for labor or personal services performed without the United States.

The position of the respondent in this proceeding is that during the taxable years the petitioner was a resident alien and as such is liable to income tax upon his gross income for services performed in Europe. The respondent relies upon article 3 of Regulations 69, promulgated under the provisions of the Revenue Act of 1926, which, so far as material, provides:

ART. 3. * * * Every resident alien individual is liable to the tax, even though his income is wholly from sources outside the United States. * * *

The incidence of the income tax is upon "the entire net income received * * * from all sources by every individual, a citizen or resident of the United States * * *." (See sec. 1, Revenue Act of 1916.)

Article 311 of Regulations 69 provides:

ART. 311. * * * A "nonresident alien individual" means an individual—

(a) Whose residence is not within the United States; and

(b) Who is not a citizen of the United States.

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient or not is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite

purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. * * *

The domicile of the petitioner in the United States during the taxable years involved is admitted by the petitioner. His residence in the United States while absent from the United States during the taxable years in question is not admitted.

That the terms "domicile" and "residence" have different connotations is well established. A man may have a domicile in one place and a residence in another. It is equally well established that a man may be absent from his place of residence for a long period of time. Clearly, if a resident of the city of New York takes a trip around the world he does not lose his residence in New York thereby. A traveling man who is long absent from his place of residence does not lose his place of residence. He is not regarded as a resident of the place where he temporarily stops.

The question here is whether the petitioner, who had a residence in the State of New York, became a resident of some other place or country while he was temporarily absent from his regular place of abode. The petitioner claims that while he was away from New York he was a nonresident alien within the meaning of the statute.

We are of the opinion that the petitioner's claim upon this point is not well founded. The evidence all goes to show that it was never the petitioner's intention to establish a residence outside of the United States while he was absent from his home in New York. He stopped at hotels in various countries of Europe in which he traveled and he made the Hotel Bristol in Berlin his headquarters while abroad. But we do not think that within the fair intent of the statute the petitioner was a resident of Berlin or of any other place in Europe while absent from the United States. The evidence is conclusive that while abroad the petitioner always had the intention of returning to his home in New York. He never established any residence in any other place.

The petitioner calls attention to the provisions of section 213 of the Revenue Act of 1926, which provides in part:

SEC. 213. For the purposes of this title, except as otherwise provided in section 233—

    *       *       *       *       *       *       *

(b) The term "gross income" does not include the following items, which shall be exempt from taxation under this title:

    *       *       *       *       *       *       *

(14) In the case of an individual citizen of the United States a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States if such amounts

constitute earned income as defined in section 209; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this paragraph.

Attention is then called to some of the rulings made by the respondent with respect to the question of what constitutes the bona fide nonresidence of an individual citizen under this provision. Thus in General Counsel Memorandum 9848, Cumulative Bulletin X-2, pp. 178, 179, it is said:

In construing the phrase " a bona fide nonresident of the United States for more than six months during the taxable year," the Bureau has held that it applies to any American citizen who is actually outside the United States for more than six months during the taxable year. The absence need not be continuous, but may be made up of several trips where the periods of absence from the United States amount in the aggregate to more than six months during the taxable year. It has also been held that the citizen is not required to be a resident of any foreign country, but is only required to be a nonresident of the United States for more than six months. * * *

Hence it is argued that if such an interpretation of the statute applies to a nonresident individual citizen of the United States, a like ruling must be applied in the case of a taxpayer who, although not a citizen of the United States in the taxable years, was nevertheless absent from the United States.

Without passing upon the correctness of the respondent's rulings under the above quoted provision of the statute, we are of the opinion that they have no application to this case. The petitioner was not " an individual citizen of the United States " during the years 1925, 1926, and 1927. His only proven residence during those years was in the State of New York. He was only temporarily absent from the United States during the period. We sustain the respondent's determination that he was a resident alien of the United States during the tax years involved, and he is liable to income tax upon his entire net income.

At the hearing of these proceedings the respondent moved to increase the deficiencies for the years 1925 and 1926 by reason of the fact that the petitioner had a larger income from Harris Forbes & Co., during those years than the respondent took into account in computing the deficiencies. After a conference between counsel it was stipulated that the net income of the petitioner for 1925 should be increased to the extent of $7,200 over the amount used by the respondent in the determination of the deficiency for 1925 and that the deficiency should be increased accordingly, but that no increase should be made in the deficiency determined for 1926.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*